1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11    ERNESTO CASTENON,                          Case No. 10cv1702 BTM(POR)
      MARIA CASTENON, individuals,
12                                               **ORDER REMANDING CASE**
                                    Plaintiffs,
13          v.

14    CHAPEL MORTGAGE, et al.,

15                                  Defendants.

16

17          In an order filed on August 24, 2010, the Court ordered Defendants Bank of America

18    Home Loans Servicing and Recontrust Company  to show cause why this case should not

19    be remanded for lack of removal jurisdiction.  On September 8, 2010, Defendants filed their

20    response to the OSC.  The Court has reviewed Defendants' response and determines that

21    it lacks removal jurisdiction over this action.

22          On August 13, 2010, Defendants removed this action from the Superior Court of

23    California, County of San Diego, Vista Branch.  Defendants contend that the Court has

24    federal question jurisdiction over the action because the action is "founded on claims arising

25    under federal laws, including the Real Estate Settlement Procedures Act ("RESPA), 12

26    U.S.C. §§ 2601 et seq.; and the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq."

27    (Notice of Removal ¶ 4.)

28          Under the "well-pleaded complaint" rule, federal-question jurisdiction extends over

"only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd. of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 14 (1983).  This rule makes a plaintiff the "master of his complaint" and allows him to "avoid federal jurisdiction by relying exclusively on state law."  Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000).

An exception to the "well-pleaded complaint rule" is the "artful pleading" doctrine. Under this doctrine, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint."  Franchise Tax Board, 463 U.S. at 22.  Courts have applied the artful pleading doctrine in (1) complete preemption cases; and (2) substantial federal question cases.  Lippitt v. Raymond James Fin. Serv., 340 F.3d 1033, 1041-42 (9th Cir. 2003).

Although Plaintiffs' Complaint asserts state law claims only, Defendants contend that Plaintiffs' ninth cause of action for fraudulent concealment arises entirely under TILA and RESPA.  Therefore, Defendants argue, Plaintiffs' fraudulent concealment claim raises a substantial federal question.  The Court disagrees.

When determining whether state claims implicate federal issues giving rise to federal question jurisdiction, the pertinent inquiry is, "[D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  Grable & Sons Metal Prod., Inc. v. Daure Eng'g & Mfg., 545 U.S. 308, 314 (2005).  "Federal issue" is not a "password opening federal courts to any state action embracing a point of federal law."  Id.

In cases where the violation of TILA and/or RESPA is one of several independent allegations supporting a claim of fraud or other state claim, courts have held that the state law claim does not necessarily turn on the federal issue.  See, e.g., Ortega v. HomEq Servicing, 2010 WL 383368, at *6 (C.D. Cal. Jan 25, 2010) (holding that plaintiff's fraud claim

– which alleged that defendants through misrepresentations, failure to disclose, and failure to investigate induced plaintiff to enter into  a loan – did not necessarily raise substantial and disputed questions under TILA); Caampued v. First Federal Bank of California, 2010 WL 963080, at *3-4 (N.D. Cal. Mar. 16, 2010) (explaining that plaintiffs' fraud argument did not necessarily require resolution of disputed issues of federal law because plaintiffs' fraud claim was not limited to any single misrepresentation, but, rather, alleged a scheme of misrepresentations, deceit, and inducements); Myung v. Washington Mutual Bank, 2009 WL 4123467, at *2 (C.D. Cal. Nov. 23, 2009) (holding that although state causes of action, including breach of the covenant of good faith and fair dealing and fraud, alleged TILA and RESPA violations, those violations formed only part of the basis for those causes of action, and the complaint therefore did not present a substantial federal issue).    In this case, Plaintiffs allege that they were victims of a fraudulent scheme, whereby Defendants tricked them into entering into a loan they could not afford.  Plaintiffs allege that  Defendants falsely inflated Plaintiffs' stated income on the loan application without telling them.  (Compl. ¶¶ 8-10.) Plaintiffs also allege that all of the loan documentation was in English even though Plaintiffs' primary language is Spanish and they do not read or write English.  (Compl. ¶ 7.)

In Plaintiffs' ninth cause of action, Plaintiffs allege that Defendants fraudulently concealed the true cost of the loan by providing false Truth in Lending documents and statements, and "failed to provide disclosures required by federal *and state law, including* disclosures required under RESPA and TILA."  (Compl. ¶¶ 62-63) (emphasis added).  The ninth cause of action also incorporates by reference the preceding allegations of the Complaint.  In the first claim for relief, Plaintiffs alleges that Defendants concealed material facts, including the facts that Defendants falsely inflated Plaintiffs' stated income on the loan application, that Plaintiffs would not have qualified for the loan based on their actual income, and that Defendants placed Plaintiffs into a loan where it was reasonably foreseeable that there was a high probability of default and failure.  (Compl. ¶¶ 18-19.)

Although the fraudulent concealment claim alleges failure to provide disclosures under RESPA and TILA, the claim is also premised upon the concealment of material facts in

violation of state common law.  The alleged fraudulent concealment goes beyond RESPA and TILA violations and encompasses an entire fraudulent scheme aimed at preventing Plaintiffs from learning that their income was falsely inflated and that they were entering into a loan they could not afford.

Because the alleged TILA and RESPA violations are not a necessary element of Plaintiffs' fraudulent concealment claim, the Complaint's references to the federal statutes do not convert the state claim into a federal cause of action.  The Court does not have federal question jurisdiction over this action.

Accordingly, the Court **REMANDS** this case to the Superior Court of the State of California, County of San Diego, Vista Branch.

**IT IS SO ORDERED.**

DATED:  October 4, 2010

Honorable Barry Ted Moskowitz
United States District Judge

10cv1702 BTM(POR)